## HAIR *vs.* GRIGSBY.

1. B., having sold a parcel of land to E. and executed a bond to make title on the payment of the purchase money, received from E. his two notes therefor, and transfered them to two different persons.— W. & R. K., into whose hands one of the notes came by delivery, having sued it in the name of B., for their use, to judgment, and a

return of no property, filed a bill against B. and E. to subject the land to its payment, and obtained a decree, under which the land was sold and purchased by H.—K., to whom the other note was endorsed by B., having sued it to judgment and a return of no property, filed his bill against E. alone to subject the land to the satisfaction of his lien, and obtained a decree, under which the land was sold and purchased by G. The bill of W. & R. K. was filed before that of K., and the decree and sale under which H. purchased was also prior to the decree and sale under which G. purchased. *Held*—That H. by his purchase acquired the legal title which was previously in B., and as G. by his purchase acquired at most but the equitable title that was in E., the title of H. must prevail over it in an action of ejectment.

ERROR to the Circuit Court of Sumter. Tried before the Hon. Geo. Goldthwaite.

HAIR, for the plaintiff in error:

Neither party had any lien upon the land, until created by the judgment of the court. " Where A. sells land to B. and takes a security from B. for the purchase money, he thereby waives his legal lien upon the land."—Foster v. The Trustees of the Athenæum, 3 Ala. 302.

" Where A. sells land to B., retains the title in himself, and gives a bond to make title when the money is paid, it is to all intents and purposes in the nature of a mortgage, and all the equitable incidents of one must attach to the contract.—Hailey et al. v. Bennett, 5 Port. 452.

" Where a debt is secured by mortgage, or a transfer of the debt, unless otherwise expressed or agreed, it is a transfer of the morgage also."—Miller v. Jones, 2 Ala. 192.

"A decree in chancery, authorising a sale of all the real estate of a party, is good as evidence against all the world, so far as the transfer of the right of such party to another, or to a purchaser under such a decree, is concerned."—Ryder v. Inerarity, 4 Stew. & Port. 14.

" The legal title must prevail."—1 Wheat. Selw. 565, top page.

It will be seen by examination of both of the bills, that the legal title to all of said lands was in Boling, the equitable title in Evans, and that the legal title is still in Boling, so far as the bill of Keeland & Grigsby is concerned, as he was not made a

party to their bill, neither is title divested out of him by the decree of the chancellor. The question now is, what was sold by the register to Hair? I answer, all the right, title, interest, claim, or demand, that the said Evans or Boling had of, in, or to the said land, which was by the decree of the chancellor and sale of the master to Hair, divested out of them and vested in Hair, the purchaser. Then what title was left in Evans to be sold by the register at the second sale? I answer, none; and as Grigsby bought the title vested in Evans, he took nothing by his purchase.

R. H. SMITH, for the defendant:

Plaintiff derives title by purchase under a sale by decree in chancery, on a bill to subject the land, in which the debtor (Evans) had an equitable estate. The bill shows that complainant in chancery held a note given for the land, for which the purchaser held a title bond, but that the note was transfered *without recourse.* The bill rests upon the ground, not of *enforcing a lien,* but on the ground that complainant is a creditor at large who has reduced his debt to judgment and failed to obtain payment at law, and therefore is entitled to have the equitable estate of Evans sold.

Defendant derives title by subsequent decree, based upon *a lien* in the nature of a mortgage, which lien was created by contract, and which existed before complainant's bill was filed. Neither complainant made the other a party to his bill, and consequently neither is concluded by the proceedings in the other case. The question is, which is the better title? It is settled that the lien of a creditor filing his bill, (not to enforce a mortgage,) but simply to subject the equitable effects or estate of a debtor, takes place at most only *from the filing of the bill.*— Dargan v. Waring et al., 11 Ala. 994-996. It is equally clear, that the bill does not assert a lien created by mortgage, but was exhibited only to reach equitable effects, while the bill of defendant was filed to enforce a remedy for a prior lien. Then Grigsby's lien must be best. Hair only purchased the debtor's right, and that right was subject to, and qualified by Grigsby's express lien.

It will be unnecessary to consider whether complainant, from whom Hair claims, had any lien which *he might have enforced,*

as he did not so frame his bill; but, if we might consider the question, it has been held by this court that a transfer *without recourse* of a debt secured by lien does not carry the lien.—— Hall's Ex'rs v. Click, 5 Ala. 363.

PARSONS, J.—This is an action of trespass to try titles, brought by Hair against Grigsby in the Circuit Court of Sumter, to recover a tract of land. The material facts of the case may be stated thus: the tract of land was sold by Boling to Evans, in March 1837, Boling taking Evans' several promissory notes with another person as surety for the payment of the purchase money, and executing his bond to Evans to make title after payment of the purchase money. Boling afterwards transfered one of these notes by delivery and without recourse to Earby, by whom it was transfered to W. & R. Kelly and subsequently a judgment was recovered thereon against Evans in the name of Boling, to the use of W. & R. Kelly, and an execution from the judgment was returned no property found. W. & R. Kelly afterwards filed their bill, stating these facts, against Boling and Evans, the object of which was to cause the land to be sold in satisfaction of their debt. The land was accordingly sold and conveyed, pursuant to the decree of the chancellor, to Hair, as the best bidder and purchaser.

Another of the notes was endorsed by Boling to Keeland and the latter recovered a judgment thereon against Evans, and an execution from this judgment was returned no property found, as to part of the amount. A bill was afterwards filed by said Keeland, the object of which was to cause the same tract of land to be sold to satisfy the last mentioned debt. This bill was filed against Evans alone, and there was a decree for the sale of the land, and it was sold accordingly and purchased by Grigsby, the defendant.

It appears, therefore, that each of the debts was owing for the purchase money—that Boling had not conveyed the legal title to Evans and was not bound to do so, until the purchase money should be paid. Hair claims as purchaser under a decree, which was prior to the decree under which Grigsby claims, and the suit, in which the decree under which Hair claims was rendered, was brought before the commencement of the suit in which the decree was rendered under which Grigsby claims,

and the sale to Hair was prior to the sale to Grigsby. W. & R. Kelly filed their bill against Boling and Evans, and it is clear from the record of that suit and from the deed to Hair, that all the right and title of Boling and Evans passed to Hair. Hence the legal title, which was held by Boling, and the equitable title, which was in Evans, are both vested in Hair, but, of course without prejudice to strangers to the suit. The question then is, what title has Grigsby? It might be conceded that he has all the right and title which Evans had at the time of the decree, under which Grigsby claims, or at any time before. This concesion would only produce this result,—that the equitable title of Evans is now in Grigsby,—leaving the legal title, which was held by Boling, in Hair, under his purchase. Upon the legal title alone, Hair could recover the land at law. The charge of the Circuit Court upon this point was, therefore, erroneous, as as we think. The legal title which was in Boling neither was nor could have been affected in any manner by the decree under which Grigsby claims, because Boling was not a party to that suit.—*Doe ex dem.* Duval's Heirs v. McLoskey, 1 Ala. 708.

It is contended by Grigsby's counsel, that as the note upon which the bill of W. & R. Kelly was filed, was transfered without recourse by Boling, the lien upon the land for that part of the purchase money did not pass, and further that the bill of W. & R. Kelly was not adapted to the claim of such a lien, but that they went into chancery as creditors at large of Evans, to subject his equitable interests to the payment of their judgment, and that therefore their lien on the land could only date, at most, from the time of filing their bill, which was subsequent to the date of the lien, which was properly asserted by Keeland's bill.

Even if we could admit all these propositions, the ground upon which we have placed our opinion above is not answered. Hair holds the legal title and more—he holds such equitable title as Evans had at the time, when the suit in equity was commenced under which Hair claims, at least. This legal title must prevail at law, over the title of Grigsby. This is all that we decide. Let the judgment be reversed and the cause remanded.